**Slip Op. 07-63**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS**

---

| | |
|---|---|
| **ELKEM METALS COMPANY and GLOBE METALLURGICAL INC.,** : | |
| Plaintiffs, : | |
| v.  : | Court No. 03-00020 |
| **UNITED STATES** : | |
| Defendant, : | |
| **RIMA INDUSTRIAL S/A, COMPANHIA BRASILEIRA CARBURETO DE CALCIO and COMPANHIA FERROLIGAS MINAS GERAIS-MINASLIGAS,** : | |
| Defendant-Intervenors. : | |

---

**MEMORANDUM OPINION & ORDER**

May 3, 2007

**Held:**   This action is stayed pending the final outcome of the companion case <u>Elkem Metals v. United States</u>, Court No. 02-00232.

   <u>DLA Piper US LLP</u>, (Clifford E. Stevens, Jr.; William D. Kramer) for Plaintiffs Elkem Metals Company and Globe Metalurgical, Inc.

   <u>Peter D. Keisler</u>, Assistant Attorney General Civil Division, United States Department of Justice; <u>Jeanne E. Davidson</u>, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; International Trade Section, Commercial Litigation Branch, Civil Division, United States Department of Justice (<u>Michael D. Panzera</u>); United States Department of Commerce, Office of Chief Counsel for Import Administration (<u>Marisa Beth Goldstein</u>), of counsel, for Defendant.

<u>Greenberg Traurig, LLP</u>, (Phillipe M. Bruno) for Defendant-Intervenors Rima Industrial S/A; Companhia Brasileira Carbuerto de Calcio and Companhia Ferroligas Minas Gerais-Minsasligas.

Tsoucalas, Senior Judge:  This matter is before the Court upon Plaintiffs' Elkem Metals Company and Globe Metallurgical Inc., (collectively "Plaintiffs") motion for judgment upon the agency record.  Although styled as a Rule 56.2 motion, Plaintiffs' memorandum in support thereof puts forth little argument advancing its position regarding judgment on the agency record.  <u>See generally</u> Pl.s' Br. Supp. Mot. J. Agency Rec. ("Pl.'s Br."). Instead, Plaintiffs devote the majority of their brief to advocating the issuance of alternative declaratory judgments or a stay of proceedings.  <u>See</u> Pl.s' Br. at 8–12.  For the reasons set forth below, the Court finds that a stay is warranted.

### JURISDICTION

Jurisdiction is had pursuant to 28 U.S.C. § 1581(c) (2000) and 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (B)(iii) (2000).

### STATUTORY FRAMEWORK

In order to properly understand the relevance of the procedural history and factual background, the Court first sets forth the pertinent statutory framework.  Title 19, section 1675 of the United States Code ("the Statute") provides that Commerce "may revoke, in whole or in part," an antidumping duty order upon

completion of either an administrative or "changed circumstances" review.  19 U.S.C. § 1675(d).

While Congress has not specified the procedure that Commerce must follow in revoking an order, Commerce, in its regulations, has established such a procedure.  See 19 C.F.R. § 351.222 ("the Regulation").  The Regulation requires, inter alia, that a company requesting revocation must submit: (1) a certification that the company has sold the subject merchandise at not less than normal value ("NV") in the current review period and that the company will not sell at less than NV in the future; (2) a certification that the company sold the subject merchandise in commercial quantities in each of the three years forming the basis of the revocation request; and (3) an agreement to reinstatement of the order, as long as any exporter or producer is subject to the order, if the Secretary [of Commerce] concludes that the exporter or producer, subsequent to the revocation, sold the subject merchandise at less than NV.  See 19 C.F.R. § 351.222(e)(1).

Upon receipt of a request for revocation, the Regulation further instructs that Commerce consider the following in determining whether to revoke the order: (1) whether the producer or exporter requesting revocation has sold subject merchandise at not less than NV for a period of at least three consecutive years; (2) whether the continued application of the antidumping duty order

is otherwise necessary to offset dumping; and (3) whether the producer or exporter requesting revocation has agreed in writing to the immediate reinstatement of the order, as long as any exporter or producer remains subject to the order, if Commerce concludes that the exporter or producer, subsequent to revocation, sold the subject merchandise at less than NV.  See § 351.222(b)(2).

Both subsections of the Regulation are relevant in that both implicate a three-year requirement, i.e., § 351.222(e)(1) requires a certification that the company sold the subject merchandise in commercial quantities in each of the three years forming the basis of the revocation request; and § 351.222(b)(2) requires that the producer or exporter requesting revocation has sold subject merchandise at not less than NV for a period of at least three consecutive years ("three year period").  See generally § 351.222. A determination by Commerce to revoke an antidumping duty order may only be sustained if the company requesting revocation has demonstrated three consecutive periods of review of sales at not less than NV.  Id.  In other words, the term "consecutive" in the Regulation controls, and if one of Commerce's three determinations in the underlying reviews is invalidated, Commerce's revocation is no longer in accordance with the Statute or Regulation.

**BACKGROUND**

The administrative determination under review in the instant matter is <u>Silicon Metal from Brazil: Final Results of Antidumping Duty Administrative Review and Revocation of Order in Part</u>, 67 Fed. Reg. 77,225 (Dec. 17, 2002) ("Revocation Determination"). This is the tenth administrative review of silicon metal from Brazil covering the period of review ("POR") from July 1, 2000 through June 30, 2001. Plaintiffs, however, do not contest the final results in the administrative review for the 2000–2001 POR. Instead, they contend that the Revocation Determination would not be in accordance with law if Commerce's determination under review in a separate action, <u>Elkem Metals v. United States</u>, Court No. 02-232 ("<u>Elkem Metals 02-232</u>") is reversed and remanded. This companion case reviews Commerce's determination for the 1999–2000 POR. Although not directly at issue in this case, the 1999–2000 POR at issue in <u>Elkem Metals 02-232</u>, is relevant to the extent that in order to qualify for partial revocation of an order, the producer or exporter requesting revocation must have sold the subject merchandise at not less than NV for a period of at least three consecutive years. See § 351.222(b)(2).

    A.    **<u>Elkem Metals</u> 02-00232 (1999–2000 POR)**

<u>Elkem Metals 02-232</u> involves the POR which is the second year in the necessary three year period. As such, if Commerce's

Court No. 03-00020                                                Page 6

determination finding sales at not less than NV is found to be invalid, the statutory and regulatory requirement of three consecutive years may not be met.

Commerce issued its final results of the administrative review on silicon metal from Brazil on February 12, 2002. See Final Results of Antidumping Duty Administrative Review of Silicon Metal from Brazil, 67 Fed. Reg. 6,488 (Feb. 12, 2002). Following a series of motions, this Court found that "Commerce improperly calculated CV [constructed value] by excluding the VAT paid by [the producer/exporter] on inputs from CV." Elkem Metals Co. v. United States, 28 CIT __, __, 350 F. Supp. 2d 1270, 1273 (2004). The Court of Appeals for the Federal Circuit ("CAFC") disagreed, however, and reversed and remanded the judgment of this Court. See Elkem Metals Co. v. United States, 468 F.3d 795, 797 (Fed. Cir. 2006). Pursuant to the remand ordered and the CAFC's mandate, this Court ordered that this matter be again remanded to Commerce. See Elkem Metals Co. v. United States, 30 CIT __, __, Slip Op. 06-189 at 4 (Dec. 22, 2006) (not reported in the Federal Supplement). In accordance with the Court's instructions, Commerce filed its Third Remand Results on March 14, 2007. As per the Court's order, comments to the Remand Results are due on May 4, 2007 and replies to such comments are due on May 19, 2007. See id.

### B. <u>Elkem Metals</u> 03-00020 (2000–20001 POR)

<u>Elkem Metals 03-00020</u> involves the third POR necessary to meet the regulatory three year period requirement. On December 17, 2002, Commerce determined that silicon metal from Brazil produced by Defendant-Intervenor RIMA Industrial S/A ("RIMA") was sold at not less than NV during the 2000–2001 POR. <u>Revocation Determination</u>, 67 Fed. Reg. at 77,226. Following this finding, Commerce determined to revoke the AD order as to RIMA, explaining that:

> RIMA has demonstrated three consecutive years of sales at not less than NV. Furthermore ... RIMA's aggregate sales to the United States were made in commercial quantities during each of those three years . . . (1998–1999, 1999–2000, and 2000–2001) . . . . [B]ased on our review of the record, there is no basis to find that the continued application of the AD order is necessary to offset dumping.

<u>Id.</u>

In October 2003, Plaintiffs filed a Motion for Judgment Upon the Agency Record pursuant to USCIT Rule 56.2. Plaintiffs, however, do not contest the results of this administrative review but take issue with the revocation of the antidumping duty order. <u>See</u> <u>Elkem Metals Co. v. United States</u>, Ct. No. 03-00020, Compl. at 7 (Feb. 18, 2003) ("Plaintiffs challenge [Commerce's] revocation of the order as to RIMA in the Final Results."). As indicated <u>supra</u>, Plaintiffs maintain that Commerce's revocation determination would not be in accordance with law if the

determination under review in Elkem Metals 02-00232 is found to be unsupported by substantial evidence or otherwise not in accordance with law. See id. Thus, the disposition of the issue upon which judgment upon the agency record is currently sought is dependent upon the disposition of the Second Administrative Review, concurrently being challenged in a separate action, Elkem 02-232.

Following a full briefing by all parties, on February 6, 2004 the Court stayed this proceeding for all purposes until August 6, 2004. See Elkem Metals Co. v. United States, No. 03-00020 (Feb. 5, 2004) (Carman, J.)(order staying proceedings). No further action has been taken by any of the parties since the entry of the stay.

## ANALYSIS

Both Plaintiffs and Defendants maintain that the Court should stay these proceedings pending final judgment in Elkem Metals 02-232.[1] See Pl.'s Br. at 12; Def.'s Br. at 12 ("[W]e respectfully join in plaintiffs' request that the Court stay proceedings . . . until a final judgment has been entered in Elkem Metals 232 with respect to the 1999-2000 review period."). The Court agrees and finds that a stay is warranted. See Landis v. North American Co.,

---

[1] Both parties also agree that Plaintiffs were required to appeal Commerce's revocation determination in order to preserve this Court's jurisdiction to review the determination. See Pl.'s Reply at 3; Def.'s Br. at 12.

299 U.S. 248, 255 (1936).

Although the final results of the 2000-2001 POR are at issue herein, the disposition of this matter is also contingent upon whether the 1999-2000 determination is sustained. Indeed, if the administrative review covering the 1999-2000 POR is found to be unsupported by substantial evidence or otherwise not in accordance with law, there cannot be three consecutive years of no sales at less than NV, a requirement for revocation. See § 351.222. The issue of whether Commerce properly determined the dumping margin in the 1999-2000 POR, however, is not currently before this Court. As indicated supra, the Remand Results covering the 1999-2000 POR were recently filed, with comments thereto due on May 4, 2007 and replies to such comments due on May 19, 2007. See Elkem Metals, 30 CIT at __, Slip Op. 06-189 at 2. As such, no final judgment has yet been entered.

Due to the parallel litigation described herein, the Court finds that a stay of the proceedings in this action is appropriate. Accordingly, this matter shall be stayed until final judgment has been entered in Elkem Metals 02-232. An action is final when a decision has been issued that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 232 (1945).

**CONCLUSION**

Therefore, upon consideration of the Plaintiffs' Brief In Support of Motion for Judgment on the Agency Record, as well as the opposition thereto, all papers herein, and for the foregoing reasons, it is hereby

**ORDERED** that proceedings in this action are **STAYED** pending the outcome of Elkem Metals v. United States, Court No. 02-00232.

/s/ Nicholas Tsoucalas

May 3, 2007                           NICHOLAS TSOUCALAS
New York, NY                          SENIOR JUDGE

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____   By: _____
                                       Deputy Clerk